**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT, a California non-profit organization and CALIFORNIA COMMUNITIES AGAINST TOXICS, an unincorporated association, | No. 12-72358 |
| Petitioners, | |
| v. | MEMORANDUM* |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; et al., | |
| Respondents, | |
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
United States Environmental Protection Agency

Argued and Submitted October 22, 2014
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  THOMAS, Chief Judge and KOZINSKI and GOULD, Circuit Judges.

Petitioners challenge the Environmental Protection Agency's ("EPA") approval of South Coast Air Quality Management District ("District") Rule 1315 into the California State Implementation Plan ("SIP").  Rule 1315 specifies the district's procedures for tracking and banking emissions reductions for later use as offset credits for new sources of pollution.  We conclude that the EPA was neither arbitrary nor capricious in its approval of Rule 1315 into the California SIP.  We therefore deny the petition for review.

1.      The EPA's general practice is to review and approve the rules governing the overall conduct of state offset programs, but not simultaneously to pass judgment on individual transactions.  *See* 54 Fed. Reg. 27286, 27294 n.8 (June 28, 1989).  The agency's practice is a permissible construction of § 173(a) of the Clean Air Act, which obligates SIP permit programs to require new sources of pollution to obtain "sufficient offsetting emissions reductions."  42 U.S.C. § 7503(a)(1)(A).  The EPA did not purport, nor was it required, to validate the banked emissions reductions when it approved Rule 1315.  Tracking procedures such as those provided in Rule 1315 are not expressly required by the Clean Air Act, the California SIP, or EPA rule.  *See Natural Res. Def. Council, Inc. v. S. Coast Air Quality Mgmt. Dist.* (*NRDC*), 651 F.3d 1066, 1073 (9th Cir. 2011).  A challenge to the sufficiency of offsetting emissions reductions may proceed when a

new source of pollution is permitted under the SIP.  *See id.* at 1071–72.  EPA did not err by following its general practice when it approved Rule 1315.

2.    The EPA acted within its authority when it approved the Rule 1315 SIP revision based on its conclusion that Rule 1315 is equivalent to federal methods.  *See* 42 U.S.C. § 7502(c)(8).  Federal integrity criteria require offsets to be quantifiable and surplus.  *See* 40 C.F.R. § 51.165(a)(3)(ii)(C)(1)(I).  EPA concluded that Rule 1315 sets forth adequate procedures to quantify actual emission reductions and ensure that such reductions are surplus.  We accord this conclusion deference, as it is not plainly erroneous or inconsistent with law.  *See Comm. for a Better Arvin v. EPA*, ___ F.3d ___, 2015 WL 2384556 at *3 (May 20, 2015).

3.    We are similarly bound by the agency's determination that Rule 1315 is consistent with the federal "base year" exception, which allows pre-base year reductions to be credited if subsequent attainment demonstrations account for the emissions notwithstanding their prior curtailment.  *See* 40 C.F.R. § 51.165(a)(3)(ii)(C)(1)(ii).  The EPA adequately reviewed the District's most recent attainment demonstrations and confirmed that each properly handled pre-base year reductions banked under Rule 1315.  Furthermore, any concern about pre-base year reductions can be litigated when the district uses pre-base year

emissions offsets banked pursuant to Rule 1315 to authorize a new source permit. *See NRDC*, 651 F.3d at 1071–72.

4. The EPA reasonably determined that the Rule 1315 SIP revision would not interfere with reasonable further progress toward attainment. "[EPA] shall not approve a revision of a plan if the revision would interfere with any applicable requirement concerning attainment and reasonable further progress . . . ." 42 U.S.C. § 7410(*l*). This appeal solely concerns the District's tracking procedures for emissions offsets, as set forth in Rule 1315. It is not an appropriate vehicle to challenge the substance of the District's attainment plans. The EPA may approve a SIP in piecemeal fashion; different portions of a SIP may be submitted at different times to be considered separately. *See Hall v. EPA*, 273 F.3d 1146, 1159 (9th Cir. 2001). The EPA reasonably concluded that Rule 1315 will assist the District in meeting its attainment plans, and that conclusion was neither arbitrary nor capricious.

**PETITION DENIED.**